# Lacy *v.* Louisville & Nashville R. R. Co.

### Assault and Battery.

(Decided November 16, 1916.　73 South. 81.)

1. **Assault and Battery; Time; Proof.**—Where the action was for an· assault and battery, and the time of the alleged assault was laid under videlicit, the time need not be proved strictly as laid.

2. **Carriers; Assault and Battery; Time.**—Where a passenger sued the railroad for an alleged assault committed on him by the conductor, and the· evidence for plaintiff did not identify or specify any particular conductor so as to prevent the time proved from being of the essence of the action, and plaintiff's undisputed evidence showed that the assault was committed on· the 3rd day of February, and this was denied by defendant's train crew of· that date, plaintiff had no right after such refutation by defendant, to catch defendant unawares, and recover for an assault at a different time, as it is. error to permit a recovery for a different assault at another time, when a. particular assault is proved as of a certain time.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Suit by D. S. Lacy against the Louisville & Nashville Railroad' Company. There was judgment for plaintiff, which was set· aside on defendant's motion, and plaintiff appeals. Transferred'. from Court of Appeals under Acts 1911, p. 449, § 6.　Affirmed.

The first count claims for an assault and battery committed' on plaintiff by defendant, through one of its agents or servants. on one of its passenger trains, who was acting in the line and' scope of his employment, but whose name is to plaintiff unknown, on, to wit, the 7th day of February, 1913. The second count claims damages for a breach of contract to safely carry plaintiff¨ on, to wit, the 7th day of February, 1913. The court refused, at the request of defendant, to instruct that no verdict can be returned for plaintiff for any occurrence other than that claimed to· have occurred on February 3, 1913. On direct examination:

plaintiff proved a trip to Oneonta and return on February 3d, and that the assault occurred while he was returning.

L. J. Cox, for appellant. Tillman, Bradley & Morrow, and T. A. McFarland, for appellee.

ANDERSON, C. J.— (1, 2) It is well settled that, in a civil action for an assault and battery, the time of the alleged assault laid under a videlicet need not be proved strictly as laid; but, when a particular assault is proved as of a certain time, it is error to permit a recovery for a different assault at another time. The plaintiff's undisputed evidence showed that the assault was committed on February 3d, and which was denied by the defendant's train crew of that date. The plaintiff's evidence did not identify or specify any particular conductor as having assaulted him, so as to prevent the time proved from being of the essence of the action, and the defendant was called upon to defend against the assault so fixed by the plaintiff's evidence, and after the refutation of same by the defendant, the plaintiff had no right to catch the defendant unaware, and seek a recovery for an assault of a different time. The plaintiff's only evidence made the 3d of February the sole identification of the assault, and the defendant was called upon to defend only against an assault so fixed by the plaintiff's evidence, and, after it did so, the instruction given as to a recovery for a different time deprived the defendant of a right to defend against a charge other than the one proved by the plaintiff, and we are not prepared to say that the trial court erred in granting the defendant's motion for a new trial.

There is a distinction between the right to prove a time different from the one averred under a videlicet and the right to recover for an assault different from the one proved by the plaintiff. As above set forth, had the evidence fixed the assault as made by a particular conductor or member of a train crew, or otherwise identified the same except by the date, then the date would not have necessarily been of the essence of the action, and the plaintiff had no right to recover for a different assault—that is, an assault of a different date.

The judgment of the circuit court is affirmed.

Affirmed.

Mayfield, Somerville, and Thomas, JJ., concur.